## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GARFIELD GAYLE, et al.,

Plaintiffs,

v.

WARDEN MONMOUTH COUNTY
CORRECTIONAL FACILITY, et al.,

Defendants.

No. 3:12-cv-2806-GC-RLS

*Document Electronically Filed*

**ORDER IMPLEMENTING
JULY 5, 2022 JUDGMENT**

WHEREAS, on September 3, 2021, this Court entered an Opinion (ECF No. 150) and Order (ECF No. 151) that GRANTED in part and DENIED in part the parties' motions for summary judgment as follows: "ORDERED that the parties' motions are GRANTED in part and DENIED in part as to Plaintiffs' claim related to the constitutionality of the *Joseph* hearing; ORDERED that Plaintiffs' motion is granted, and the Government's motion is denied, insofar as the 'reason to believe' standard is unconstitutional; ORDERED that the Court issues a class-wide injunction that directs the Government, during a custody redetermination hearing or a *Joseph* hearing, to establish before an Immigration Judge that there is probable cause to find that a detained alien falls within the mandatory detention requirements under Section 1226(c); and is further ORDERED that the Government's motion is granted, and Plaintiffs' motion is denied, insofar as the 'substantially unlikely' burden imposed on [8 U.S.C.] § 1226(c) detainees is constitutional; ORDERED the motion is GRANTED in favor of the Government as to Plaintiffs' contemporaneous verbatim records claim" (*Id.*); and

WHEREAS, Plaintiffs appealed those portions of this Court's September 3, 2021 Order that (a) held that § 1226(c) is applicable to detainees with substantial defenses to removal; (b)

rejected Plaintiffs' due process claims concerning the standard of proof at *Joseph* hearings; and (c) rejected Plaintiffs' due process claim that a contemporaneous verbatim record of *Joseph* hearings must be maintained (*see* ECF No. 152 (Plaintiffs' September 30, 2019 notice of appeal); and

WHEREAS, Defendants initially filed a notice of appeal of this Court's September 3, 2021 Order (*see* ECF No. 154 (Defendants' October 31, 2019 notice of appeal), but later withdrew their appeal (*see* 3d Cir. Dkt. No. 19-3241, ECF No. 73-2 (Opinion), slip op. at 7 n.2); and

WHEREAS, on July 5, 2022, the United States Court of Appeals for the Third Circuit entered a Judgment ordering that the September 3, 2021 Order of this Court is AFFIRMED in part, holding that "[8 U.S.C.] § 1226(c) is constitutional even as applied to noncitizens who have substantial defenses to removal";

WHEREAS, the Court of Appeals REVERSED in part, the district court's holdings that: (1) the government need establish by probable cause that a detainee falls properly within the mandatory detention requirements of § 1226(c); (2) that a contemporaneous verbatim record of the *Joseph* hearing is not required; and (3) § 1252(f)(1) does not bar injunctive relief to the extent that it is meant to correct the violation of a statute;

WHEREAS, the Court of Appeals held that "for those detainees who contend that they are not properly included within § 1226(c) and are therefore entitled to a hearing pursuant to *In re Joseph*, 22 I. & N. Dec. 799 (BIA 1999), … the Government has the burden to establish the applicability of § 1226(c) by a preponderance of the evidence and … the Government must make available a contemporaneous record of the hearing, consisting of an audio recording, a transcript, or their functional equivalent;" and (c) "§ 1252(f)(1) does not authorize class-wide injunctions" (ECF No. 157, slip op. at 3-4); and

2

WHEREAS the Court of Appeals VACATED the district court's class-wide injunction requiring the government to establish before an immigration judge that there is probable cause to find a detained noncitizen falls within the mandatory detention requirements under § 1226(c); and

WHEREAS, the Court of Appeals REMANDED to this Court with instruction to enter appropriate relief (ECF Nos. 157, 158 (3d Cir. Opinion and Judgment); *see* 3d Cir. Dkt. No. 19-3241, ECF Nos. 63 (Opinion), 64 (Judgment), 73 (Judgment)); and

WHEREAS, on June 27, 2022, the United States Court of Appeals for the Third Circuit entered an Order denying Plaintiffs' petition for panel rehearing (3d Cir. Dkt. No. 19-3241, ECF No. 72); and

WHEREAS, on July 5, 2022, the Clerk of the United States Court of Appeals for the Third Circuit made clear that "[t]he certified judgment or order is issued in lieu of a formal mandate and is to be treated in all respects as a mandate" (3d Cir. Dkt. No. 19-3241, ECF No. 73-3); and

WHEREAS, on July 6, 2022, this Court entered an Order requiring that, pursuant to Local Civ. R. 79.4, "[i]n the event that the mandate or judgment provides for costs or directs a disposition other than an affirmance, the prevailing party shall prepare and submit an order implementing the mandate or judgment" (July 6, 2022 ECF Text Order); and

WHEREAS the Defendants agree to the form of this Order; and

WHEREAS on March 4, 2025, this matter was reassigned to the Undersigned; now

THEREFORE, pursuant to Local Civil Rule 79.4 and for good cause shown,

IT IS ON THIS 5th day of March, 2025,

ORDERED that, pursuant to the July 5, 2022 Mandate of the United States Court of Appeals for the Third Circuit:

The District Court's September 3, 2021 Order (ECF No. 151) is hereby AFFIRMED in part, REVERSED in part, VACATED in part; and

3

It is hereby DECLARED that (a) mandatory detention of a noncitizen does not violate the Due Process Clause so long as he or she falls within the scope of 8 U.S.C. § 1226(c); (b) due process requires the Government to bear the burden of proof at *Joseph* hearings and to establish by a preponderance of evidence both that a detainee in fact committed a relevant offense under 8 U.S.C. § 1226(c) and that the offense falls within that provision as a matter of law; (c) due process requires the Government to make available a contemporaneous record of the hearing, consisting of an audio recording, a transcript, or their functional equivalent; and (d) 8 U.S.C. § 1252(f)(1) does not permit class-wide injunctive relief for a class in which every member is "an individual alien against whom proceedings . . . have been initiated." 8 U.S.C. § 1252(f)(1); and

It is hereby ORDERED that Plaintiffs' claims are otherwise dismissed.

Georgette Castner
United States District Judge